# W. S. TELFORD v. MARIUS HENRICKSON.[1]

### July 9, 1913.

### Nos. 17,790—(164).[2]

**Costs in supreme court — payment by receiver.**

Plaintiff receiver does not come within the proviso of R. L. 1905, § 4354, pertaining to the payment of costs and disbursements by the losing party to an appeal, unless it be shown that the creditors whom he represents are unable to pay the costs and disbursements taxed. [Reporter].

**Same.**

Judgment for costs and disbursements should not be entered against a receiver personally under R. L. 1905, § 4349, unless mismanagement or bad faith is made to appear. [Reporter].

After the decision reported in 120 Minn. 427, 139 N. W. 941, respondent and appellant made the motions mentioned in the opinion herewith. Motions denied.

*R. R. Briggs,* for appellant.

*Thomas J. Davis, W. S. Telford* and *J. A. P. Neal,* for respondent.

PER CURIAM.

The order of the lower court herein was reversed, and now the respondent moves that remittitur be granted without the payment of appellant's costs and disbursements, and the appellant moves for a modification of the judgment so that it will be against plaintiff personally.

We do not think that plaintiff as receiver comes within the proviso of section 4354, R. L. 1905, unless there be a showing that the creditors whom he represents are unable to pay the costs and disbursements taxed. The litigation is for their benefit, and they should bear the expense thereof, unless relieved because of poverty. Plaintiff was under no duty to undertake this action at his own cost. If he as receiver lacked funds, it became the duty of the creditors,

---

[1] Reported in 142 N. W. 200.         [2] October, 1912, term calendar.

the parties interested in the proceeds, to furnish the means to carry on the suit. Respondent's motion must be denied.

Appellant's motion to modify the judgment so that it will be against respondent personally must also be denied. By section 4349, R. L. 1905, judgment should not go against plaintiff personally unless mismanagement or bad faith is made to appear. The legal questions upon which the result of the action depended were not free from doubt, and upon the affidavits presented we are not prepared to hold that there has been either mismanagement or bad faith on the part of plaintiff.